UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID L. FOOS, | ) |
|     Plaintiff, | ) |
| | ) CAUSE NO.  2:13-cv-438 |
| | ) |
| | ) |
| TAGLEEF INDUSTRIES, INC. | ) |
|     Defendants. | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff David L. Foos ("David"), by counsel, files his Complaint for Damages against Defendant Tagleef Industries, Inc. (hereinafter "Tagleef") and states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act, Pub. L. No. 110-325, § 2(b)(1) ("ADAAA") and 29 U.S.C. § 2601 *et seq.* (The Family and Medical Leave Act).

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1367.

3. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. David is a United States citizen and at all relevant times resided in Vermillion County, Indiana.

5. Tagleef is a corporation organized under the laws of Delaware with a principal office in Parke County, Indiana at 3600 E. Head Avenue, Rosedale, IN 47874-9124

.

1

## FACTS

1. On or about June 15, 2013, Tagleef employed David as an extruder operator at its Rosedale, IN facility.

2. Prior to June 15, 2013, David had been diagnosed with pancreatitis by his primary care physician.

3. David suffered from a "serious health condition" as that term is defined in 29 U.S.C. §2611(4).

4. Both prior and subsequent to June 15, 2013 David had been meeting and/or exceeding all job requirements for an extruder operator.

5. Immediately prior to June 15, 2013 David had been on medical leave and was admitted to the hospital to undergo treatment for his pancreatitis ("serious health condition").

6. Tagleef had authorized David's requested medical leave.

7. Upon return to work on June 15, 2013 David was immediately called into the office of his supervisor, Dan McKee, and told he would be required to submit to a drug test.

8. David was driven by Dan McKee from Tagleef's Rosedale, Indiana facility to Terre Haute Regional Hospital where he was forced to provide a urine sample and to take a breath alcohol test.

9. David tested negative for all drugs.

10. David was required to submit to two breath alcohol tests.

11. The first test taken at 7:36 a.m. revealed a BAC of .081%.

12. The second test taken at 7:55 a.m. revealed a BAC of .078%.

13. Both the Alcohol Testing Form and the Med-Tox Collection Form contain a pre-printed section titled "Reason for Test" with possible reasons being "pre-employment", "reasonable suspicion", "post-accident", "return to duty", "follow-up" or "random".

14. The Alcohol Testing Form and the Med-Tox Collection Form indicate the reason for testing was "random."

15. On June 15, 2013 Tagleef had in place a "Drug and Alcohol Policy".

16. Tagleef's "Drug and Alcohol Policy" does not provide for "random" or "return to duty" drug and/or alcohol testing.

17. On June 18, 2013 Tagleef informed David he was being terminated because "the alcohol test you gave on Saturday, June 15, 2013, was at a level that violates the Drug and Alcohol Policy for Tagleef Industries."

## ADMINISTRATIVE PROCEDURES

18. On August 24, 2013, David filed a Charge of Discrimination with the EEOC.

19. On September 27, 2013, the EEOC issued a Dismissal and Notice of Rights that "based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." *See* Exhibit B.

20. The EEOC issued a Right to Sue to David, which was received on September 29, 2013. *See* Exhibit B.

**COUNT I - DISCRIMINATION ON THE BASIS OF DISABILITY AGAINST TAGLEEF**

21. All previous paragraphs are incorporated by reference herein.

22. David is a qualified individual with a disability under the ADAAA.

23. David has a record of disability and was regarded as having a disability by Tagleef within the meaning the ADAAA.

24. During his course of employment with Tagleef, David was an "employee" of Tagleef within the meaning of the ADAAA.

25. Tagleef employs more than fifteen (15) employees and is an "employer" within the meaning of the ADAAA.

26. Tagleef engaged in unlawful discrimination in violation of the ADAAA when it required David to submit to random drug and alcohol testing in violation of its Drug and Alcohol Policy on June 15, 2013 because of his perceived disability.

27. Tagleef engaged in discriminatory treatment of David on the basis of disability and acted with malice or reckless disregard of David's rights as a disabled employee in violation of the ADAAA.

**COUNT II-VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §2601 *et seq.***

28. All previous paragraphs are incorporated by reference herein.

29. As set out in 29 U.S.C. § 2601, the FMLA protects job security for employees who need to take reasonable leave due to a serious health condition.

30. Pursuant to 29 U.S.C. § 2615(a)(1), it is unlawful for an employer to interfere with, restrain, discriminate against, or deny the exercise of or the attempt to exercise, any right provided by the FMLA.

31. David was unlawfully terminated for taking medical time off work that qualified for FMLA protection.

32. Tagleef unlawfully interfered with David's rights under the FMLA, retaliated and/or discriminated against David for exercising his rights under the FMLA.

WHEREFORE, Plaintiff, David L. Foos prays for the judgment of this Court against Defendants as follows:

A. An award of backpay with prejudgment interest for the salary and other employment benefits that David lost as a result of Tagleef's unlawful and/or discriminatory conduct.

B. Compensatory damages in amount to be determined by a jury to compensate David for the emotional distress and mental anguish that he suffered because of Tagleef's unlawful and/or discriminatory conduct.

C. Compensatory damages in amount to be determined by a jury to compensate David for all wages, salary, employment benefits, and/or compensation denied or lost by David as a result of Tagleef's violation of David's rights under the ADAAA and/or FMLA.

D. Liquidated damages under the ADAAA and/or FMLA equal to the sum of the amount described in clause 29 USCS § 2617 (a)(1)(A)(i) and the interest described in clause (ii).

E. Other damages that may be recovered for violation of the ADAAA and/or FMLA, including compensation for lost health insurance and tax penalties incurred for withdrawing monies from David's retirement account as a result of his wrongful termination;

    F.  An award of attorney's fees and costs.

    G.  Such other relief as may be just and proper.

                                    LEWIS WAGNER, LLP

                        BY:    s/ ROBERT R. FOOS, JR.
                                ROBERT R. FOOS, JR., #20885-45
                                LEWIS WAGNER, LLP
                                501 Indiana Avenue, Suite 200
                                Indianapolis, IN  46202
                                Phone:  (317) 237-0500
                                Fax:    (317) 630-2790
                                Email:  rfoos@lewiswagner.com

## **JURY DEMAND**

Plaintiff David L. Foos, by counsel, respectfully request all matters so triable be tried by jury.

LEWIS WAGNER, LLP

BY:   s/ ROBERT R. FOOS, JR.
      ROBERT R. FOOS, JR., #20885-45
      LEWIS WAGNER, LLP
      501 Indiana Avenue, Suite 200
      Indianapolis, IN  46202
      Phone:  (317) 237-0500
      Fax:   (317) 630-2790
      Email:  rfoos@lewiswagner.com

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202-3199
Telephone:  (317) 237-0500
Facsimile:   (317) 630-2790
E-mail: rfoos@lewiswagner.com

Q:\18781\Pleadings\COMPLAINT.docx